UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER HOBBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-01088-TWP-TAB |
| | ) |
| JOHN DOE DEPUTIES, | ) |
| KERRY J. FORESTAL, | ) |
| MARION COUNTY SHERIFF'S OFFICE, | ) |
| WELLPATH LLC F/K/A  CORRECT CARE | ) |
| SOLUTIONS, LLC, | ) |
| CHRISTOPHER CLAYTON, | ) |
| CORECIVIC, INC. f/k/a Corrections Corporation | ) |
| of America, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S MOTION TO RECONSIDER**

Kenny Rogers wrote a song in which he sings, "If I knew then what I know now."[1]  That familiar refrain aptly describes the matter presently before the Court.

The matter at hand is Plaintiff's motion for reconsideration.  [Filing No. 67.]  Plaintiff filed this motion in response to the Court's order denying Plaintiff's second motion to enlarge Case Management Plan deadlines, in which Plaintiff sought to extend the deadline for Plaintiff to make his expert witness disclosures.  [Filing No. 65.]  In denying this motion, the Court wrote,

> The Court previously enlarged the Case Management Plan deadlines, and in doing so stated, "The Court does not anticipate further extensions of these deadlines absent extraordinary circumstances, so counsel should act promptly to schedule the necessary depositions." [Filing No. 50, at ECF p. 2.]  Plaintiff has now filed a motion seeking to further extend CMP deadlines based upon asserted difficulties and delays in scheduling depositions and based on supplemental discovery production. These are not extraordinary circumstances. Moreover, the motion

---

[1] Kenny Rogers, featuring Gladys Knight, *If I Knew Then (What I Know Now), on* Something Inside So Strong (Reprise Records 1989).

wholly fails to acknowledge or address the Court's prior admonition. Motion denied. [Filing No. 66, at ECF p. 1.] To summarize, Plaintiff's second motion to enlarge CMP deadlines failed to acknowledge the Court's admonition and failed to set forth extraordinary circumstances justifying an additional CMP extension. Indeed, there is nothing extraordinary about scheduling delays and supplemental discovery production in the litigation world.

In response to this denial, Plaintiff filed the motion to reconsider that now pends. The motion for reconsideration does what the first motion failed to do—sets forth a compelling reason why an extension of Plaintiff's expert witness disclosure deadline is necessary.[2] Plaintiff acknowledges (albeit only in a footnote) that "additional detail should have been provided in their [sic] initial filing in light of the previous order of the Court." [Filing No. 67, at ECF p. 3 n.1.] This additional detail includes the fact that Defendant Christopher Clayton failed to appear for his June 11, 2024, deposition. [Filing No. 67, at ECF p. 3.] Defendants represented to Plaintiff that Clayton failed to appear because he was on FMLA leave from the Marion County Sheriff's Office, and counsel was unable to contact Clayton. While this much is true (as attested to by an affidavit Defendants submitted in response to Plaintiff's motion for reconsideration [Filing No. 68-1]), there is more to the story.

It turns out that Clayton was arrested on criminal charges of theft and official misconduct for allegedly submitting fraudulent overtime forms while working for the sheriff's office and was

---

[2] Plaintiff's motion to reconsider also makes an argument that falls flat. Plaintiff notes that the Court previously extended the liability and dispositive motion deadlines, but that Plaintiff's second motion to extend CMP deadlines seeks to extend a different deadline, i.e., Plaintiff's expert disclosure deadline. Plaintiff's suggestion is that the "extraordinary circumstances" standard for further CMP extensions should not apply because Plaintiff was seeking to extend a deadline that was different than the deadlines the Court previously extended. At best, this is a strained interpretation of the Court's order extending the CMP deadlines.

terminated June 19, 2024.  [Filing No. 67 at ECF p. 3-4; Filing No. 68-1.]  The parties' reconsideration briefs bicker over whether this important information should have been disclosed when Plaintiff deposed multiple other sheriff's office Defendants.  The Court need not wade into this thicket.  It is sufficient to note that Plaintiff represents to the Court that "Clayton's deposition is necessary to the disposition of this case and for an expert to review and prepare opinions." [Filing No. 67, at ECF p. 4.]  In further support of reconsideration, Plaintiff notes there have been delays in scheduling multiple witness depositions because this litigation involves five different law firms.  [Filing No. 67, at ECF p. 5.]

    Reflecting on Kenny Rogers' statement "If I knew then what I know now," the Court concludes that Plaintiff's second motion to extend CMP deadlines would have been more favorably received if Plaintiff had included all this additional information.  Yet one problem looms. Motions to reconsider serve a limited function as "[o]rdinarily, relief under Rules 59(e) and 60(b) are extraordinary remedies reserved for the exceptional case."  *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) (internal citation, quotation marks, and brackets omitted).  Motions for reconsideration are not to be used to introduce evidence or arguments that were previously available but omitted.  *Davis v. Carmel Clay Schs.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012).  Nevertheless, Plaintiff's significant need for an expert witness in this case, the circumstances surrounding Clayton's deposition no-show, and the multiple parties and law firms involved in this litigation mitigate in favor of reconsideration and extending the expert witness disclosure deadline.  Moreover, Plaintiff represents that the extended dates for expert disclosures will not impact the trial date.  [Filing No. 69, at ECF p. 3.]

    When filing motions for extensions of time, counsel would be well advised to keep several points in mind.  First, scheduling and discovery-related delays are not unusual in

litigation, and may not, in and of themselves, provide a basis for extending deadlines.  Second, while mere agreement among counsel for an extension does not provide the good cause Fed. R. Civ. P. 6(b)(1) requires to support an extension, an unopposed motion for extension of time may be more favorably received than a contested motion.  Accordingly, consistent with Local Rule 6-1, if all parties are represented by counsel then the moving party must state that there is no objection to the extension or describe all attempts made to obtain an agreement to the extension and state whether the opposing counsel objects to it.  *See* S.D. Ind. L.R. 6-1(c)(4)(A)-(B).  Third, when the Court advises counsel that future requests to enlarge deadlines will be closely scrutinized, counsel should acknowledge and address this issue if counsel nevertheless believe an additional extension of time is warranted.  Fourth, counsel should include all necessary information in a motion for extension of time given that motions to reconsider face a high hurdle and are to be granted only in exceptional cases.  Finally, in requesting extensions of time, counsel should be ever mindful of the impact extending deadlines can have on the trial date.[3]

Accordingly, Plaintiff's motion for reconsideration [Filing No. 67] is granted.  The deadline for Plaintiff to disclose the name, address, and vita of any expert witnesses, and to serve the report required by Fed. R. Civ. P. 26(a)(2), is extended to September 24, 2024.  Defendants' corresponding deadline is extended to October 24, 2024.  The deadline for the parties to object to expert testimony is extended to November 25, 2024.

Date: 6/28/2024

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[3] When the Court denied in part Plaintiff's first motion for extension of the CMP deadlines (Plaintiff requested a four-month extension), the Court specifically referenced the March 3, 2025, trial date and the need to resolve any summary judgment motions before trial.  [Filing No. 50, at ECF p. 1.]

Distribution:

All ECF-registered counsel of record via email