UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER HOBBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:23-cv-01088-TWP-TAB |
| | ) |
| JOHN DOE DEPUTIES, | ) |
| KERRY J. FORESTAL, | ) |
| MARION COUNTY SHERIFF'S OFFICE, | ) |
| WELLPATH LLC F/K/A CORRECT CARE | ) |
| SOLUTIONS, LLC, | ) |
| CHRISTOPHER CLAYTON, | ) |
| CORECIVIC, INC., | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING EXTENDED BANKRUPTCY STAY,
SEVERING CLAIMS AND OPENING NEW CASE**

This matter is before the Court Defendants Christopher Clayton ("Deputy Clayton") and the Marion County Sheriff's Office (collectively "MSCO Defendants") Motion to Extend Bankruptcy Stay to MSCO and its Employees. (Dkt. 106). Also pending is Defendant Wellpath LLC f/k/a/ Correct Care Solutions, Inc.'s, ("Wellpath") Motion for Summary Judgment (Dkt. 74), Defendant CoreCivic, Inc.'s Motion for Summary Judgment and Designation of Evidence (Dkt. 77), MCSO'S Motion for Partial Summary Judgment (Dkt. 79); and Defendant CoreCivic, Inc.'s Motion for Summary Judgment Regarding ADA and Rehabilitation Act. (Dkt. 99). For the reasons explained in this order, the Motion to Stay is **granted as to all claims in Count I,** and the claims against Kerry Forestal, the Marion County Sheriff's Office, Christopher Clayton, and CoreCivic, Inc. in Count II, are severed. In addition, the remaining pending motions are **dismissed without prejudice** to refile, once the stay is lifted.

1

## I. Background

The following facts are considered in the light most favorable to the Plaintiff Christopher Hobbs ("Mr. Hobbs"). Mr. Hobbs initiated this civil rights lawsuit in state court, and it was removed to this Court on June 22, 2023. (Dkt. 1). Since childhood, Mr. Hobbs has suffered from epilepsy and these condition causes him to suffer seizures. (Dkt. 27). Mr. Hobbs takes Gabapentin to manage his symptoms. In his Amended Complaint, Mr. Hobbs alleges that on July 18, 2021, while incarcerated at the Marion County Jail, he informed the Defendants that he suffers from epilepsy and the medication Keppra gave him seizures. He also informed the MSCO Defendants that he should not be placed on a top bunk due to a potential seizure and required a bottom bunk. Despite his warning, the MSCO Defendants gave Mr. Hobbs Keppra for his epilepsy. The MSCO Defendants assigned Mr. Hobbs the top bunk and denied his request to change his assignment. On August 13, 2021, Mr. Hobbs, had a seizure while on the top bunk, fell to the floor, hit his head and suffered a traumatic brain injury. He alleges the medical care and treatment provided by Wellpath, and its agents and/or employees, caused him to suffer serious personal injuries.

Additionally, Deputy Clayton was on duty during the time of Mr. Hobbs serious need for medical attention. On August 24, 2021, Mr. Hobbs was pushed by Deputy Clayton who tried to entice a fight, and they got into a verbal confrontation. Mr. Hobbs was commanded to turn around to be placed in hand cuffs, and once handcuffed, Deputy Clayton slammed Mr. Hobbs head against a cinder block wall and continued to assault him. Consequently, Mr. Hobbs, medical staples fell out of his head, and he received multiple broken ribs.

Mr. Hobbs brings two claims in his Amended Complaint. In Count I – Mr. Hobbs claims he was denied the correct epilepsy medication and a bottom bunk even though he suffers from seizures. The claim in Count I is against the John Doe Deputies, Marion County Sheriff Kerry J.

Forestal ("Forestal"), Marion County Sheriff's Office ("MCSO"), Wellpath, and CoreCivic. In Count II – Mr. Hobbs claims Deputy Clayton started a fight with Mr. Hobbs and assaulted him. The claim in Count II is brought against Wellpath, the company that provides medical care to inmates at the Jail, Marion County Sherriff Kerry Forestal, the Marion County Sheriff's Office, CoreCivic, Inc., and Deputy Clayton, as well as unidentified John Doe deputies.

## II. Procedural Background of Wellpath's Bankruptcy Case

In November of 2024, Wellpath filed a Suggestion of Bankruptcy and Notice of Stay explaining that it had filed a voluntary petition for bankruptcy in *In re: Wellpath Holdings, Inc., et al.*, No. 4:24-bk-90533 (ARP) in the Southern District of Texas.( Dkt. 97). On January 14, 2025, the bankruptcy court issued an order extending the stay to:

> [a]ny claims or causes of action that have been or may be asserted against any of the Debtors' current clients or customers or their current or former employees …
> on an interim basis to and including February 18, 2025…

Dkt. 106-1 at 4.

On February 20, 2025, the bankruptcy court issued a further order, providing among other things,

> Any claims or causes that have been or may be asserted against any of the Debtors' current clients or customers or their current or former employees are stayed pursuant to section 362, and to the extent applicable section 105, of the Bankruptcy Code on an final basis until the earlier of (a) the effective date of a confirmed chapter 11 plan; (b) dismissal of the chapter 11 cases of the Debtors; or (c) April 30, 2025.

*In re: Wellpath Holdings, Inc., et al.*, No. 4:24-90533, Dkt. 1480 at 4 (Feb. 20, 2025).

## III. Discussion

The MSCO Defendants seek to stay this case based on the bankruptcy court's order extending the stay to claims against Wellpath's clients or customers. (Dkt. 106). A bankruptcy

3

court has authority to extend the automatic stay to non-debtors in some instances. The Seventh Circuit has explained:

> The automatic stay is indeed a powerful tool of the bankruptcy courts. On the filing of a bankruptcy petition, the stay automatically stops any other proceedings against the debtor. "The purpose of this section . . . is to protect the debtor from an uncontrollable scramble for its assets in a number of uncoordinated proceedings in different courts, to preclude one creditor from pursuing a remedy to the disadvantage of other creditors. . . ." *A.H. Robins Co. v. Piccinin* (*In re A.H. Robins Co.*), 788 F.2d 994, 998 (4th Cir. 1986). The stay, however, protects only the debtor, unless the debtor and some third party have such a similarity of interests that failure to protect the third party will mean that the assets of the debtor itself will fall into jeopardy. *See id.* at 999, 1001.

*Fox Valley Const. Workers Fringe Ben. Funds v. Pride of Fox Masonry & Expert Restorations*, 140 F.3d 661, 666 (7th Cir. 1998) (footnote omitted). Thus, the United States District Court for the Southern District of Illinois has noted:

> The Seventh Circuit recognizes two exceptions to this general rule. The first exception, known as the "identity of interest" exception, occurs where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Matter of Fernstrom Storage & Van Co.*, 938 F.2d 731, 736 (7th Cir. 1991) (quoting *A.H. Robins Co. v. Piccinin,* 788 F.2d 994, 999 (4th Cir. 1986)). For example, courts have stayed proceedings against non-debtor defendants where the debtor has an absolute duty to indemnify the non-debtor. *Hamilton v. Am. Corrective Counseling Servs., Inc.*, No. 3:05-CV-434-RM, 2009 WL 973447, at *2 (N.D. Ind. Apr. 8, 2009). The second exception "operates where the pending litigation, though not brought against the debtor, would cause the debtor, the bankruptcy estate, or the reorganization plan irreparable harm." *Id.*

*B&B Golf Carts, Inc. v. GRC Golf Prods., LLC*, No. 3:16-CV-1051-NJR-RJD, 2017 WL 2255601, at *3 (S.D. Ill. May 23, 2017).

In this case, the Court agrees that Wellpath and the MSCO Defendants have an "identity of interest" regarding Mr. Hobbs's claims about the treatment he received for his epilepsy. However, Mr. Hobbs's claim that Deputy Clayton later assaulted him does not implicate any Wellpath employee. *See* dkt. 27 at 6 (alleging that after Deputy Clayton's assault, Mr. Hobbs received an

emergency transport to Eskenazi Hospital). A district court may "sever any claims that are 'discrete and separate' in the interest of judicial economy and to avoid prejudice." *Vermillion v. Levenhagen*, 604 F. App'x 508, 513 (7th Cir. 2015) (citing cases). To be "discrete and separate ..., one claim must be capable of resolution despite the outcome of the other claim." *Gaffney v. Riverboat Services of Ind. Inc.*, 451 F.3d 424, 442 (7th Cir. 2006) (internal quotation marks omitted).

Stated otherwise, this Court has the option to sever unrelated claims, at which point the Bankruptcy Court's stay order would not apply because WellPath would not be a party to the new severed case. Because the claims in Count II are discrete and separate, in the interest of judicial economy and to avoid prejudice to Mr. Hobbs, Count II will be severed from this lawsuit and a new case will be opened. Further, consistent with the bankruptcy court's order, the claims in Count I will be stayed.

### IV. Conclusion and Further Proceedings

As discussed above, the motion to extend bankruptcy stay, Dkt. [106], is **GRANTED** consistent with the following:

All claims against Wellpath remain stayed. The claims in Count I of the Amended Complaint are **stayed** as to all Defendants. **The parties shall** file a Notice on May 1, 2025, and every sixty days thereafter, updating the Court on the status of the bankruptcy proceedings.

The claims in Count II are **severed** from this case. The **clerk is directed** to open a new civil action in the Indianapolis Division consistent with the following:

1. Christopher Hobbs shall be the plaintiff in the new action.

2. Kerry Forestal, the Marion County Sheriff's Office, Christopher Clayton, and CoreCivic, Inc. will be the defendants.

3. The Nature of Suit shall be 550.

4. The Cause of Action shall be 42:1983pr.

5. The Amended Complaint in this action, Dkt. [27], shall be filed and re-docketed as the complaint in the new action.

6. A copy of this Order shall be docketed in the new action.

7. This action and the new civil action shall be shown as related actions.

The **clerk is directed** to terminate Christopher Clayton as a defendant in this case.

All other motions (Dkts. 74,77,79, and 99) are **denied without prejudice** subject to re-filing after the stay is lifted in this case; or in the newly opened case opened, as appropriate.

**IT IS SO ORDERED.**

Date: 03/24/2025

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel